IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WILLIAM JOSEPH SOKOL and | ) | |
| JANICE JOYCE SOKOL, | ) | |
| | ) | CASE NO. BK09-40042-TLS |
| Debtor(s). | ) | A09-4025-TLS |
| CHRIS CANET and TRIO LAND & | ) | |
| CATTLE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM JOSEPH SOKOL and | ) | |
| JANICE JOYCE SOKOL, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. #42) and resistance by the debtor-defendants (Fil. #49). Bert E. Blackwell represents the debtors, and James R. Nisley represents the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

I. BACKGROUND

The debtor-defendant William Sokol was hired to haul hay from the plaintiffs' ranch in early 2008 and deliver it to purchasers. He delivered the hay and billed the purchasers for it, depositing the proceeds into a business bank account owned by him and his wife and using those proceeds for his own purposes. He was not authorized by the plaintiffs to collect payment for the hay or to keep the funds. The plaintiffs allege that his actions render the debt of $39,241.80 non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4), and that discharge should be denied altogether under § 727(a)(2) and (a)(4). The plaintiffs move for summary judgment in their favor.

II. STANDARD OF REVIEW

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary

proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must examine the record to ascertain whether the movant, through depositions, answers to interrogatories, admissions, affidavits, and other evidence, has demonstrated the absence of a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006). If the movant has done so, then the non-moving party, bearing the burden of persuasion, must by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Id.* The court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue. *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943-44 (8th Cir. 2008).

## III.  FACTS

In this case, the parties agree on the following facts:

1. The Sokols admit to jurisdiction in this matter.

2. Mr. Sokol received monies from the purchasers of hay in the amount of $39,241.80.

3. Mr. Sokol was never given any authorization by the plaintiffs to collect any monies.

4. The Sokols filed their Chapter 7 petition on January 8, 2009.

The following facts are established by the record. Mr. Sokol owned and operated the sole proprietorship of Sokol Trucking, which was in business from January 2004 to January 20, 2009. Billy DeNaeyer is a full-time rancher and part-time independent trucker who hauls hay, and sometimes brokers the sale of hay, for other ranchers. Chris Canet is a member of Trio Land & Cattle, Inc. In the fall of 2007, Mr. Canet contacted Mr. DeNaeyer about hauling hay from a ranch owned by Trio. In February 2008, Mr. DeNaeyer, Mr. Sokol, and a third trucker named Garrett Gale delivered hay to two buyers: Jerry Adamson and Ray Reiman. Mr. Sokol collected the scale tickets for the loads and prepared invoices for the sale of the hay to Mr. Adamson and Mr. Reiman. The two buyers remitted payment to Mr. Sokol, which he deposited into his Sokol Trucking bank account. In April 2008, Mr. Canet requested payment for the hay, so Mr. Sokol wrote two checks from his business account to Mr. Canet. One check, for $1,391.00, cleared the bank. As Mr. Sokol expected, the second check, for $39,241.80, did not. That check gave rise to this adversary proceeding.

A factual issue which is unresolved by the evidence presently before the court is the extent of Mr. Sokol's authority with regard to the sale of the hay. Mr. DeNaeyer did not wish to act as a broker in the transaction, so he relayed the information to other truckers that hay was available for sale if they knew of any buyers. Mr. Sokol made arrangements with Mr. Adamson, and later Mr. Reiman, to deliver the hay to them. Mr. Sokol testified in his affidavit that in his previous work with Mr. DeNaeyer, Mr. Sokol obtained the scale tickets, billed the buyer for the hay, deposited the proceeds into his business checking account, paid the truckers who hauled the hay, and paid the rancher who sold the hay. Mr. Sokol was not told to handle this transaction any differently. Mr. Canet testified in his affidavit that he did not give Mr. Sokol, Mr. Gale, or Mr DeNaeyer permission

to pick up the scale tickets or bill the buyers for the hay. Nothing in the evidence indicates that Mr. Canet made arrangements with any buyers for the hay. Mr. DeNaeyer states that Mr. Canet asked him to broker the sale, but Mr. DeNaeyer refused. It is unclear how the plaintiffs expected to sell the hay if the truck drivers themselves did not find buyers. It likewise is unclear how the plaintiffs expected to be compensated for the hay because none of those details appear to have been discussed or arranged between Mr. Canet and Mr. DeNaeyer.

### IV. EXCEPTIONS TO DISCHARGE UNDER 11 U.S.C. § 523

A. § 523(a)(2)

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)); *Blue Skies, Inc. v. Preece (In re Preece)*, 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

The plaintiffs assert that Mr. Sokol fraudulently represented himself as their agent when he billed the hay buyers. Mr. Sokol testified in his affidavit that he prepared invoices for the hay on his company letterhead. While he stated in testimony at the § 341 meeting that he was acting on behalf of Mr. DeNaeyer, there is no evidence that Mr. Sokol made any representations that he was acting on behalf of the plaintiffs or that he intended to deceive the plaintiffs, which are necessary elements of the § 523(a)(2)(A) claim. Accordingly, summary judgment must be denied as to this claim.

B. § 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The plaintiffs have not alleged the embezzlement or larceny prongs of the statute. To prevail on the defalcation prong, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. *Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001); *Int'l Fid. Ins. Co. v. Fox (In re Fox)*, 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997). "Acting in a fiduciary capacity" is limited in application to technical or express

trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

There is no evidence here of a technical or express trust, so Mr. Sokol was not acting in a fiduciary capacity as contemplated by § 523(a)(4). Summary judgment must be denied as to this claim as well.

## V. DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727

Denying a debtor a discharge is a "harsh and drastic penalty," so the provisions of § 727 are strictly construed in the debtor's favor while remaining cognizant that § 727 exists to prevent a debtor's abuse of the Bankruptcy Code. *Korte v. United States (In re Korte)*, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001).

A. § 727(a)(2)

Section 727(a)(2) of the Bankruptcy Code states, in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless —
> . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed —
> (A) property of the debtor, within one year before the date of the filing of the petition[.]

To prevail on the complaint, the plaintiffs must show that (1) the debtors' actions took place within twelve months prior to the filing of their petition for bankruptcy relief; (2) the debtors took the actions with the intent to hinder, delay or defraud their creditors; (3) the debtors themselves took the actions; and (4) the debtors' actions consisted of transferring or concealing property. *City Nat'l Bank of Ft. Smith, Ark. v. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir. 1981). There is a presumption of fraud in § 727(a)(2) cases when a debtor transfers valuable property without payment. *Cadlerock Joint Venture II, L.P. v. Sandiford (In re Sandiford)*, 394 B.R. 487, 490 (B.A.P. 8th Cir. 2008) (*citing The Abbott Bank-Hemingford v. Armstrong (In re Armstrong)*, 931 F.2d 1233, 1239 (8th Cir. 1991). "Once a gratuitous transfer is shown, the burden then shifts to the debtor to prove his intent was not to hinder, delay, or defraud his creditors." *Id.*

Here, intent is at issue. Even if Mr. Sokol's actions in billing the customers, receiving and depositing the proceeds, and failing to reimburse the plaintiffs could be construed as a transfer or concealment of property, there is no evidence of intent to hinder, delay, or defraud the plaintiffs. Mr.

Sokol has consistently testified that he intended to pay the funds to Mr. Canet, but his father's terminal illness intervened. Mr. Sokol was already experiencing financial difficulties and was behind on his truck payments. When his father became ill, Mr. Sokol accompanied him to medical appointments, which reduced the amount of time he was able to spend working. The hay he hauled for the plaintiffs was his last hay-hauling job. He used the hay proceeds to pay expenses instead of reimbursing the plaintiffs, but it is not apparent at this juncture that he intended to defraud the plaintiffs. Summary judgment must be denied on this claim.

 B. § 727(a)(4)

Under § 727,

>(a) The court shall grant the debtor a discharge, unless —
> . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>>(A) made a false oath or account;
>>(B) presented or used a false claim;
>>(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs[.]

The plaintiffs assert that Mr. Sokol's allegedly fraudulent representation that he was acting as their agent, his receipt of payment for the hay, his deposit of the funds into his checking account, and his and his wife's alleged conversion of the money for their personal use constitutes "knowingly and fraudulently obtaining money" from the plaintiffs under § 727(a)(4)(C). However, that subsection normally applies to extortion and bribery allegations and has not been used under circumstances similar to this case. *See* 6 *Collier on Bankruptcy* ¶ 727.06 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). Summary judgment must be denied on this claim as well.

## VI. CONCLUSION

The plaintiffs have not established each element of their causes of action to prove that they are entitled to judgment as a matter of law. Material issues remain with regard to whether Mr. Sokol made any false representations or intended to deceive the plaintiffs.

Mrs. Sokol is named as a defendant in this lawsuit, presumably because she is a joint owner of the bank account into which the hay proceeds were deposited. However, there are no allegations concerning her actions or conduct, and Mr. Sokol testified in his affidavit that she did not spend any of the money in the account. If there is no evidence that the debt should be excepted from discharge as to her or that her discharge should be denied, the plaintiffs should dismiss her from the adversary

proceeding. However, if she is a necessary party, then the litigation may proceed against her as well as against Mr. Sokol.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. #42) is denied.

DATED: May 7, 2010.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> Chief Judge

Notice given by the Court to:
    Bert E. Blackwell
    *James R. Nisley
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.